UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORENZO SANDOVAL,<br><br>    Petitioner,<br><br>    v.<br><br>DOUG WADDINGTON,<br><br>    Respondent. | Case No.  C05-5395FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**September 30th, 2005** |

This Habeas Corpus Action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

INTRODUCTION, FACTS, AND CONCLUSION

Petitioner filed a state personal restraint petition to challenge a general infraction he received under the Washington State Prison Rules. (Dkt. # 5, page 7). Petitioner was found guilty of not showing up for work. His only sanction was a written reprimand and warning. The sanctions for general infractions do not include loss of good time. (Dkt. # 5, page 11). Petitioner's excuse for not showing up for work was that he had been given permission to use the law library on a priority bases. (Dkt. # 5, page 8).

REPORT AND RECOMMENDATION Page - 1

The Washington State of Appeals considered petitioners claim and dismissed the petition as frivolous because, due process under the United States Constitution was not implicated in a general infraction where no atypical or significant hardship was imposed. (Dkt. # 5, pages 10 to 13). The Washington State Supreme Court denied review and concurred with the Washington State Court of Appeals decision. (Dkt. # 5, page 16). This petition followed. After review of the petition the court concludes the petition is frivolous and should be **DISMISSED** prior to service.

## DISCUSSION

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Here, the state court system has correctly noted that petitioner has no liberty interest in avoiding a finding of guilt on a general infraction and he has no federally protected due process interest at stake. There is no federal or constitutional interest at issue in this case. Accordingly this petition should be **DISMISSED.**

## CONCLUSION

This petition is frivolous and should be **DISMISSED.** A proposed order accompanies this

REPORT AND RECOMMENDATION Page - 2

1  report and recommendation.
2      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
3  parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
4  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
5  appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
6  72(b), the clerk is directed to set the matter for consideration on **September 30th, 2005**, as noted in
7  the caption.
8      DATED this 6th day of September, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION Page - 3